IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT HANFORD DALTON,

        Plaintiff,

  vs.                                              CIVIL NO.  07-578 LFG/RLP

STEVE LUCERO,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS MATTER is before the Court on Defendant's Motion to Dismiss Complaint for Insufficient Service of Process [Doc. 7].  The Court considered the motion, response and reply and determines that oral argument is not necessary.

It is undisputed that Robert Hanford Dalton ("Dalton"), a *pro se* litigant, filed suit against Steve Lucero ("Lucero"), but failed to effect service within the time provided by Fed. R. Civ. P. 4(m).  Indeed, it was not until the Court issued an Order to Show Cause directing Dalton to demonstrate good cause why the Complaint should not be dismissed without prejudice that he took any steps to effect service.

Thereafter, Dalton contacted Defendant Lucero's attorney and simply asked if he was authorized to accept service of a complaint.  Lucero's attorney said that he was.  In this contact, Dalton failed to disclose that the Complaint had been pending for more than 120 days, or that the Court issued an order directing him to show cause why the Complaint should not be dismissed. Under these circumstances, Lucero contends that this was not proper waiver of service.

## ANALYSIS

Rule 4(m) requires that the summons and complaint be served within 120 days from the date the complaint is filed.  The Rule specifically authorizes a court to extend the time for service if the plaintiff is able to show "good cause" why process could not be served within 120 days.  The plaintiff bears the burden of proving that "good cause" exists to excuse a delay in service of process. *See* Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).  Black's Law Dictionary defines "good cause" as, "a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." Black's Law Dictionary, 692, (6th ed. 1990); *see also* Lepone-Dempsey, *supra* at 1281; "Good cause reliance on faulty service, rather than inadvertence or negligence, prevented service [internal punctuation omitted]."

Whether good cause exists is a matter committed to the court's sound discretion. *See, e.g.*, Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).  In exercising discretion, the court must consider whether the plaintiff has offered a valid, legally cognizable excuse.  In Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 2008 221, the authors state, "Minimally, good cause requires a showing of good faith and reasonable basis, beyond the plaintiff's control, for failing to comply with the Rules."  For example, good cause could be shown upon a demonstration that defendant evaded service of process and the plaintiff was unable, despite reasonable efforts, to locate defendant.

In this case, Dalton argues that, as a *pro se* litigant, he was unaware of his obligation to serve, and, consequently, failed to take the necessary steps to comply with the Federal Rules of Civil Procedure.  He states that he has since effected service, and, finally, that notwithstanding the significant delay, Lucero is not prejudiced.[1]

---

[1]In light of Lucero's statement that Dalton failed to disclose material facts, i.e., that the Complaint was more than 120 days old and that Dalton was under Court order to show cause why it shouldn't be dismissed, Lucero disputes that there was a timely or proper acceptance and/or waiver.  It is unclear, at best,

Dalton has not shown "substantial reason amounting to a legal excuse" nor has he offered any explanation as to why Lucero could not have been served within the time provided by law.  At most, he claims excusable neglect simply because he was unaware of his obligation to serve.

Lucero argues that Dalton has simply not met the good-cause standard.  "The right of self representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *See* Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); *see also* Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)(stating that *pro se* litigants "must follow the same rules of procedure that govern other litigants").

The rules of procedure provide for an effective, efficient and economical way of processing civil cases on the court's docket.  They are, after all, "rules" rather than "suggestions."  To simply state that the rules are not applicable in this case is essentially to state that the rules of procedure apply only to licensed counsel and have no applicability to *pro se* litigants.  That conclusion is an anathema under our law.  Indeed, before the court, every litigant should stand on equal footing, and the laws should apply with equal force and effect to the rich and the poor, the mighty and the meek, the multi-national corporations and the individual citizens.  Moreover, given Dalton's prior litigation experience as a *pro se* litigant, the Court is skeptical of the explanation that Dalton was unaware of his obligation to serve.  (*See, e.g.*, Dalton v. Las Vegas et al., CIV 06-520 KBM/WPL; In Re Robert Hanford Dalton, No. 07-92-14287 (Bankr. D.N.M.).

While the Court has discretion to permit the case to proceed in spite of Dalton's failure to make a showing of good cause, Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995); Fed. R. Civ. P. 4(m) advisory committee's note (1993), the Court exercises its discretion in this case to dismiss the Complaint.

---

even at this time whether proper service was made.

A dismissal of Dalton's Complaint serves to uphold the propriety of the rules of procedure with equal application to all litigants.  Moreover, since dismissal under Rule 4(m) is one without prejudice, it does not serve to prevent Dalton from prosecuting a new claim against Defendant so long as he re-files within the appropriate statute of limitations.

Dalton states that he has now secured counsel who will assist him in prosecuting this case. That, in itself, may prove beneficial in that counsel can assist in drafting an appropriate complaint and, from the outset, can ensure that any future complaint will be processed in strict accord with the requirements of the rules that govern the disposition of cases.

The Court concludes that Dalton has not shown good cause to excuse the failure to timely file within the provisions of Rule 4(m), and the Court further exercises its discretion to dismiss the Complaint.

IT IS THEREFORE ORDERED that the Complaint is DISMISSED without prejudice.

s/John Edwards Conway

_____
SENIOR U.S.  DISTRICT JUDGE